# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTONIO ARROYO**
        **Petitioner,**

v.                                  **Case No. 09-C-0683**
                                     **(Criminal Case No. 07-CR-52)**

**UNITED STATES OF AMERICA**
        **Respondent.**

## ORDER

Petitioner Antonio Arroyo filed a § 2255 motion to vacate his ten year prison sentence on a drug charge. I denied the motion summarily under Rule 4 of the Rules Governing § 2255 Proceedings. Petitioner has now filed a notice of appeal, which requires me to determine whether to issue a certificate of appealability ("COA"). See Fed. R. App. P. 22(b).

## I. COA STANDARD

In order to obtain a COA, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quote marks omitted). Where the district court has rejected the petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. When the district court

denies a motion on procedural grounds a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id.

## II. BACKGROUND

**A.    Original Proceeding in this Court**

Petitioner pleaded guilty to aiding and abetting the attempted possession of 500 grams or more of cocaine with intent to distribute, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(B) & 846, and 18 U.S.C. § 2.  That offense ordinarily carries a penalty range of 5 to 40 years in prison, but because petitioner had previously been convicted of a felony drug offense, as set forth in an information filed by the government under 21 U.S.C. § 851, he faced a statutory imprisonment range of 10 years to life in prison.  I accepted the plea and later imposed the minimum sentence required by law.

**B.    Direct Appeal**

Petitioner appealed, but his appointed counsel moved to withdraw because he could not identify any non-frivolous arguments to pursue.  The court of appeals, after considering the issues raised in counsel's brief and petitioner's response, agreed.  The court first considered whether petitioner wanted to withdraw his plea, but petitioner's response clearly stated that he did not wish to do so.  Therefore, the court declined to consider the adequacy of the plea colloquy. United States v. Arroyo, 321 Fed. Appx. 507, 508 (7th Cir. 2009).

The court of appeals next considered whether, as petitioner alleged in his submission, I violated Fed. Crim. P. 11(c)(1) by participating in plea negotiations.  However, because

2

Case 2:09-cv-00683-LA   Filed 09/01/09   Page 2 of 9   Document 8

petitioner did not want his plea set aside, the court determined that he gained nothing by arguing about Rule 11(c)(1); a lesser sentence, which petitioner sought, is not the remedy for a Rule 11 violation. In any event, the court of appeals determined that I did not participate in plea negotiations. Id. at 509.

Finally, the court of appeals considered whether petitioner could argue that his prison sentence was unreasonable, but the court found such a claim frivolous as well. The quantity of cocaine involved in the offense, coupled with petitioner's prior felony drug conviction, triggered a mandatory minimum term of 120 months, the sentence I imposed. Petitioner argued that a mandatory sentence violates the Due Process Clause, but the court noted that mandatory-minimum sentences had been ruled constitutional. Id. (citing Chapman v. United States, 500 U.S. 453, 467-68 (1991); United States v. Franklin, 547 F.3d 726, 735 (7th Cir. 2008)). The court of appeals therefore granted counsel's motion to withdraw and dismissed the appeal. Id.

**C.    2255 Motion**

Petitioner raised four claims for relief in his § 2255 motion. First, he argued that his trial lawyer provided ineffective assistance of counsel by not objecting to my violation of Rule 11. He claimed that the record plainly showed my participation in the plea process. Because petitioner could not show either deficient performance or prejudice, as required by Strickland v. Washington, 466 U.S. 668, 687 (1984), I denied the claim. The Seventh Circuit determined on direct appeal that I did not participate in plea negotiations, in violation of Rule 11(c)(1), and in his § 2255 motion petitioner provided no specifics on how I violated the Rule. Rather, he stated that he "stands on the record." (2255 Motion at 5.) Conclusory allegations such as this are insufficient. See, e.g., Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995). Counsel

3

does not provide ineffective assistance by failing to object to non-existent errors, and § 2255 petitioners are generally barred from raising issues resolved against them on direct appeal. See, e.g., Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994).

Second, petitioner argued that his plea was not knowing and intelligent because he was advised by counsel that he would receive a sentence of 5 years, and that his plea would "negate" the § 851 information. (2255 Motion at 5.) I first noted that by failing to raise this issue on direct appeal, petitioner procedurally defaulted it for collateral review. Thus, he could raise it under § 2255 only if he could show "cause" for the default and actual "prejudice" based on the alleged error. See United States v. Frady, 456 U.S. 152, 167-168 (1982). Petitioner claimed that his lawyer provided ineffective assistance in advising him in this regard, and I acknowledged that ineffective assistance may provide sufficient cause to excuse a default. See, e.g., Rosenwald v. United States, 898 F.2d 585, 587 (7th Cir.1990); see also Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that a claim of ineffective assistance may be raised for the first time under § 2255).

However, because petitioner could not show that his plea was unintelligent, I denied the claim. During the plea colloquy, I advised petitioner that, because of the amount of cocaine involved in the offense and the § 851 information, he faced a mandatory minimum sentence of 10 years in prison. (Tr. of Plea Hr'g [R. 47, Case No. 07-CR-52] at 7.) Petitioner stated that he understood and acknowledged both facts. (Id. at 7.) Indeed, prior to my advising him of the penalties, petitioner stated that the plea he was entering was "for 10 years." (Id. at 6.) His counsel then set forth on the record why the minimum sentence would be 10 years. (Id.) Because the allegations in the § 2255 motion were plainly contrary to petitioner's statements

4

during the plea colloquy, and he offered no explanation for the contradiction, his claim had to be rejected. See United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005) (stating that "a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction"). I further noted that even if counsel did advise petitioner (off the record) that his minimum sentence was 5 years (a contention contrary to counsel's statements on the record) the claim failed because I clearly advised petitioner of the correct penalty range during the plea hearing. See United States v. Martinez, 169 F.3d 1049, 1054 (7th Cir.1999) (finding no prejudice where the district judge accurately advised the defendant of the penalties he faced, correcting an alleged misstatement by counsel).

Third, petitioner argued that mandatory minimum sentences violate the Sixth Amendment. He stated that while the sentencing guidelines are now advisory, the United States Code makes U.S.S.G. § 2D1.1 mandatory in all federal drug cases. However, as the court of appeals stated on petitioner's direct appeal, mandatory minimum sentences are constitutional. Arroyo, 321 Fed. Appx. at 509; see also United States v. Strahan, 565 F.3d 1047, 1052 (7th Cir. 2009) (holding that mandatory minimum sentences do not violate the Sixth Amendment, even after Booker). Further, in this case petitioner admitted the two key facts producing the mandatory minimum sentence under the statute – the amount of cocaine and his prior drug conviction. Thus, there was no Booker issue.

Finally, petitioner argued that the remedial holding in Booker violates the doctrine of stare decisis and the Sixth Amendment right to trial by jury. But as I noted in denying the claim, district courts lack authority to rescind a decision by the Supreme Court. A different remedy for the Sixth Amendment violation identified in Booker must come from the Justices or

5

Congress. In any event, for the reasons stated above, the Booker remedy was not implicated in this case. Petitioner admitted the two facts producing his statutory mandatory minimum sentence; I made no findings of fact by a preponderance of the evidence increasing the sentence.

**III. COA ARGUMENTS**

In his Notice of Appeal, petitioner challenges various aspects of my decision. He first asserts that ineffective assistance of counsel is a § 2255 issue, and that he deserved an evidentiary hearing in order to develop the record on this claim. I acknowledged that Massaro permits ineffective assistance claims to be raised for the first time under § 2255. However, petitioner provided absolutely no support for such a claim, warranting an evidentiary hearing. Hearings are not granted as a matter of course in § 2255 proceedings; the motion must be accompanied by a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions. Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996); see also Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002). Nor is a hearing required if the petitioner makes conclusory or speculative allegations rather than specific factual allegations. Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005). Even when the petitioner alleges ineffective assistance of counsel, the court may deny the claim without a hearing where the allegations are conclusory and flatly contrary to the record. See id. at 800.

Petitioner presented no specifics and no proof in support of his allegations. In his Notice of Appeal, petitioner claims that he "pointed to actual participation by the court and did not rely on surrounding circumstances." (Notice at 1.) But in the § 2255 motion petitioner stated, regarding the Rule 11 claim, that he "stands on the record." (2255 Motion at 5.) Regarding

6

the claim of inaccurate advice about the sentence, he also presented nothing beyond a bald allegation, an allegation flatly contradicted by the record and petitioner's own statements during the plea colloquy. For these reasons and those stated in the Rule 4 Order, jurists of reason would not find debatable my denial of petitioner's first and second claims without a hearing.[1]

Petitioner next argues that but for his lawyer's prompting and bad advice, he would not have pleaded guilty. He states that he is non-English speaking, unversed in the law, and had no understanding of the ramifications of pleading. He claims that his lawyer told him to say "yes" to all of my questions, and that he had no idea what an § 851 enhancement is and still does not know.

As indicated in the Rule 4 Order, the transcript of the plea hearing shows otherwise. Petitioner, assisted by a federally certified interpreter, stated that he understood what he was doing in pleading guilty; that he had enough time to talk to and was satisfied with his lawyer; that he understood the charges against him; that he knew could plead not guilty and have a trial, with all the rights related thereto, if he wanted; that no one promised him anything, or forced or threatened him to plead, and that he was doing so voluntarily; that he understood the penalties he faced, based on the amount of cocaine involved and his prior felony drug conviction; that he engaged in the conduct proffered by the government as a factual basis; and that he was pleading guilty because he was, in fact, guilty. (Tr. of Plea Hr'g [R. 47, Case No. 07-CR-52] at 2-9.) In the Notice of Appeal, petitioner claims that I prompted him when he

---

[1]In his Notice of Appeal, petitioner states: "The court went into a great deal of involving itself in the Rule 11 Hearing, the record plainly shows this." (Notice at 2.) To the extent that petitioner may be arguing that my participation in the plea colloquy violated Rule 11(c)(1), he is mistaken. The court must ask a defendant certain questions to ensure that a plea is valid. This is not the type of participation Rule 11(c)(1) forbids.

7

"balked" at the 10 year sentence. (Notice at 2.) But the transcript shows that petitioner made the first mention of the 10 year sentence (Tr. at 6), and he did not hesitate when I reiterated the penalties (Tr. at 7.) Nor does the record show any confusion about the 851 information. (Tr. at 6.) Petitioner was clearly advised of the sentence he faced, making any alleged contrary statement from counsel irrelevant.

Jurists of reason would not, faced with this record, conclude that petitioner should be permitted to withdraw his plea or obtain an evidentiary hearing on the issue.[2] As the Seventh Circuit explained in rejecting a similar claim on direct appeal:

> Once entered, a plea of guilty may be withdrawn only for a "fair and just reason." Fed. R. Crim. P. 32(e). A defendant's protestation that statements freely made under oath when entering the plea were a pack of lies is not a "fair and just reason" to start anew. A believable claim that the plea had been coerced, and thus was involuntary, would demonstrate a good reason for deceit[.] But Stewart does not contend that his plea (or any of the statements he made) was coerced; he argues only that, because he thought that his sentence would be 60 months, he felt free to lie to the judge. That is not a fair or just reason. It is instead a claim of privilege to commit a crime for personal convenience.
>
> Because many defendants seem to be under the misapprehension that a guilty plea is just provisional, and an oath to tell the truth means nothing, let us be clear. A district judge may permit a defendant to withdraw the plea if the judge finds convincing the defendant's reasons for lying under oath, but because the district judge possesses considerable discretion in this regard, a defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard. A defendant has no legal entitlement to benefit by contradicting himself under oath. Thus when the judge credits the defendant's statements in open court, the game is over. There will be no further evidentiary hearing, and an appeal is pointless (indeed, frivolous).

United States v. Stewart, 198 F.3d 984, 986-87 (7th Cir. 1999) (citations omitted).

---

[2]It is not entirely clear that petitioner wants to withdraw his plea. On direct appeal, he disavowed any such intent, and his papers filed in the § 2255 proceeding are indefinite.

8

Petitioner next contends that I based the denial of his motion on the Seventh Circuit's affirmance of his conviction. Not so. I noted that the court of appeals found no indication that I participated in plea negotiations in the record, and that petitioner presented nothing new in his § 2255 motion but rather stood on the record. Petitioner complains that I did not order counsel to produce an affidavit defending her performance, but absent some specific, credible allegation that counsel provided ineffective assistance further proceedings were unnecessary. There is no right to an automatic hearing when a petitioner alleges ineffective assistance.

Finally, petitioner argues that I abused my discretion and violated his right to due process by denying a hearing. Again, hearings are not granted as a matter of course in § 2255 cases. Jurists of reasons would not find my decision to deny this motion without a hearing debatable.

Petitioner offers no arguments concerning the other claims raised in his motion. For the reasons stated in the Rule 4 Order, those claims also should not proceed further.

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's request for a COA is **DENIED**.

Dated at Milwaukee, Wisconsin this 1st day of September, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

9

Case 2:09-cv-00683-LA   Filed 09/01/09   Page 9 of 9   Document 8